GUSTAV LINDENTHAL v. EDWARD S. HATCH ET AL.

1. A hypothetical question to an expert witness, with a view to obtain his opinion, must be so framed as to set out the facts with such distinctness that the witness may exercise his judgment upon them in expressing his opinion.

2. Entries in diaries exhibiting the acts of a party may be used for the purpose of refreshing the recollection of a witness who had knowledge of the facts to which they relate, but are incompetent as testimony.

On writ of error from Hudson Circuit.

Argued at November Term, 1897, before MAGIE, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and GUMMERE.

For the plaintiff in error, *James A. Gordon.*

For the defendant, *Brinkerhoff & Fielder.*

The opinion of the court was delivered by

DEPUE, J. At the trial the plaintiffs' attorney called as a witness Thomas P. Wickes, one of the plaintiffs, and propounded to him the following question:

"Mr. Wickes, you examined the interrogatories prepared by the defendant's counsel in this case and the answers thereto made by you and Mr. Hatch and Mr. Clute?" to which witness answered "Yes, sir," and then the attorney of the plaintiffs asked the following question of said witness: "Having those in mind and assuming that during the years 1891-2-3-4, at various dates in the months of those several years, the firm of Hatch & Wickes were engaged in frequent consultations with the defendant in respect to his rights in connection with the North River Bridge Company, and advising him in respect to his rights on oft-repeated occasions; were also giving him advice in respect to arrangements to be made with various parties at Washington and the manner in which his interests should be represented before the committee in congress having in charge the matters of the application for the construction of bridges over the North river, between the city and county of New York and the State of New Jersey, and how best to further his own and the bridge company's interest before congress and the many questions which arose respecting the legality of the proceeding in connection with the said bridge, and the examining of the laws of the State of New York and New Jersey and the federal laws relating thereto; conferring with the defendant in relation to changing and making a mortgage on said bridge and the examination of the intricate questions involved therein and in respect to the issue and sale of bonds in connection with said mortgage, to be sold in this and foreign countries, one object being to determine whether the issue and sale of said bonds would constitute a lottery, the opinion relating to the said mortgage and the issue of said bonds having been subsequently approved by the general term of the Supreme Court of the first department of the State of New York; the examination of the amounts and various interests involved in the

various steps connected with the proceedings relating to the said bridge, the great amount of time consumed, thought and research involved and the magnitude of the enterprise and the amount involved, what, in your opinion, would be a reasonable charge for the services so rendered in the city and county of New York?"

And on the further examination the counsel propounded to the witness other questions of similar import and indefiniteness.

These questions were objected to by defendant's counsel as being too general. The judge overruled the objection and bills of exceptions were sealed.

Testimony of the character of that sought to be elicited by these questions was testimony of the class known as the evidence of experts.

We think the question put to the witness was so indefinite as to admit of no answer except as mere guesswork.

*Second.* Certain separate sheets of paper, called blotter sheets, were offered by the plaintiff and received in evidence, under objection by defendant's counsel. There were over a thousand of these sheets, samples of which appear in the case on pages 369 to 371. The entries on these sheets were simply diary entries, exhibiting the acts of the parties. They might be used for the purpose of refreshing the recollection of a witness who had knowledge of the facts to which they relate, but they were incompetent as testimony.

*Third.* The plaintiff further offered a number of books called registers, which were made up from the blotter sheets, and their contents were the same in character as that of those sheets. Sample copies of these register entries are found in the printed book on pages 372 and 373.

For the errors above indicated we think the judgment should be reversed.